# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS VALDEZ BERMUDEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ALBERTO GONZALEZ, et.al.,<br><br>　　　　　Respondents.　　　　／ | CV F   07-00807 LJO DLB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS AND PETITIONER'S MOTION FOR RELEASE ON BOND<br><br>[Docs. 1, 25, 29] |

PROCEDURAL BACKGROUND

Petitioner is detained by the Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In the petition filed on June 1, 2007, Petitioner claims Respondent lacks the statutory authority to indefinitely detain him. He also contends that his indefinite detention violates his substantive and procedural due process rights guaranteed under the United States Constitution. He further contends that Respondent's current detention of Petitioner is punitive in nature and constitutes punishment without due process of law.

Petitioner challenged the order of removal by filing a petition for review in the United States Court of Appeals for the Ninth Circuit, and obtained a stay of removal in conjunction with that petition. *See* Ninth Circuit Docket No. 07-70733.[1]

---

[1] Petitioner also filed another petition for review, Ninth Circuit No. 07-71145, which was dismissed as duplicative.

1

Respondent filed a response to the petition on July 23, 2007, and Petitioner filed a traverse on August 27, 2007.  (Court Docs. 20, 28.)

FACTUAL BACKGROUND

Petitioner is a native and citizen of the Philippines who was ordered removed on May 1, 2006.  Petitioner sought administrative review before the Board of Immigration Appeals ("Board"), which was denied on February 9, 2007.  Petitioner then filed the petition for review in the Ninth Circuit, docket number 07-70733, challenging the Board's decision.  Petitioner also requested a stay of removal, which was granted.

Pursuant to Title 8 of the United States Code section 1231(a)(1)(C), ICE conducted a post-order detention custody review.  It found that based on Petitioner's criminal history he was an unacceptable flight risk.  (Attachment A, to Response.)  It further found that Petitioner's removal was only delayed as a result of the stay that Petitioner sought and obtained from the Ninth Circuit.  Id.

DISCUSSION

A.     Jurisdiction

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Habeas corpus proceedings pursuant to § 2241 remain available as a forum for statutory and constitutional challenges to the authority of the Attorney General to order post-removal-period detention; in such a proceeding, the petitioner is not seeking review of the Attorney General's exercise of discretion, but rather is challenging the extent of the authority to detain under the statute, which is not a matter of discretion. Zadvydas v. Davis, 533 U.S. 678, 688 (2001); Magana Pizano v. Immigration and Naturalization Service, 200 F.3d 603, 608-09 (9th Cir. 1999).  Accordingly, the Court has subject matter jurisdiction over this action.

With respect to jurisdiction over the person, 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition

for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). It is sufficient if the custodian is within the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193 (1948), overruled on other grounds in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at 193, citing Mitsuye Endo, 323 U.S. 283, 305 (1944); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

Review of the petition shows that Petitioner is detained in the Kern County Jail located in Bakersfield, California. Bakersfield is within the territorial jurisdiction of this Court.

B.   Exhaustion of Administrative Remedies

Exhaustion of administrative remedies before seeking relief from the federal courts is required where Congress specifically mandates it; however, when Congress has not clearly required exhaustion, the necessity of exhaustion is entrusted to sound judicial discretion. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (holding exhaustion of a prison grievance procedure unnecessary before a federal prisoner brought a Bivens action seeking only monetary damages, superseded by statutory amendment as noted in Booth v. Churner, 532 U.S. 731, 738 (2001)). Even if exhaustion is not mandated, judicially fashioned principles of exhaustion should be consistent with congressional intent and the applicable statutory scheme. McCarthy v. Madigan, 503 U.S. at 144.

In determining whether to excuse exhaustion, the Court should consider the claim asserted, the agency's interest in resolving the issue, and the administrative procedure provided. McCarthy, 503 U.S. at 146; Morrison-Knudsen Co. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987). In cases concerning immigration proceedings, the Ninth Circuit has found that due process claims may be exempted from the exhaustion requirement if they involve more than a mere procedural error that the administrative tribunal can easily remedy. See Bagues-Valles v. Immigration and Naturalization Service, 779 F.2d 483, 484 (9th Cir.1985) (exempting from exhaustion requirement Petitioner's claim that BIA's retroactive interpretation of "continuous presence rule" violated due process).

The Court will excuse exhaustion in the instant case. There does not appear to be any statute embodying Congressional intent to require exhaustion in this instance. Moreover, Petitioner's claims concern issues that are collateral to ICE's decision to remove Petitioner. It is doubtful the issues raised by Petitioner would be addressed in the course of the administrative process. As is more fully discussed below, in this proceeding the Court must determine the authority of ICE to detain Petitioner, and, in doing so, it thereby largely determines the constitutionality of Petitioner's detention. The Court is mindful of the importance of deference to executive expertise on questions such as immigration, the status of repatriation agreements, and the likelihood of issuance of travel documents in a particular case. Zadvydas, 533 U.S. at 700.

However, the Court exercises its discretion to decline to require Petitioner to resort to administrative remedies and thereby to surrender an imminent judicial remedy. At the time the petition was filed in this Court, no meaningful administrative remedy existed. Therefore, the Court will excuse exhaustion.

C.     Authority to Detain Petitioner

Title 8 U.S.C. § 1231(a)(1) provides generally that except as otherwise provided in that section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of ninety days, the "removal period." Title 8 U.S.C. § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

In addition to those aliens found to be risks to the community or unlikely to comply with the order of removal, aliens subject to this detention provision include inadmissible aliens, criminal aliens, aliens who have violated their non-immigrant status conditions, and aliens removable for certain national security or foreign relations reasons. Zadvydas v. Davis, 533 U.S. at 688.

In Zadvydas v. Davis, in order to avoid serious doubts as to the constitutionality of

4

§ 1231(a)(6), the Court interpreted it not to permit indefinite detention, but rather to limit an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. Id. at 688-89. The Court determined that aliens who had been ordered removed had a liberty interest in being released subject to supervision which was strong enough to raise a serious question as to whether, irrespective of the procedures used, the Constitution permits detention that is indefinite and potentially permanent. Id. at 696. Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute. Id. at 699. The authority of the government to detain is thus coextensive with the reasonable likelihood of removal, and the question of the extent of that authority is for the federal judiciary to decide in proceedings pursuant to 28 U.S.C. § 2241(c)(3). Id. With respect to the process of decision that this Court is to follow, the Court instructed:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. See supra, at 2501 (citing 8 U.S.C. §§ 1231(a)(3), 1253 (1994 ed., Supp. V); 8 C.F.R. § 241.5 (2001)). And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period. See supra, at 2499.
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. (Citation omitted.) But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.
>
> Ordinary principles of judicial review in this area recognize primary Executive Branch responsibility. They counsel judges to give expert agencies decisionmaking leeway in matters that invoke their expertise. See Pension Benefit Guaranty Corporation v. LTV Corp., 496 U.S. 633, 651-652, 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990). They recognize Executive Branch primacy in foreign policy matters. See Container Corp. of America v. Franchise Tax Bd., 463 U.S. 159, 196, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983). And they consequently require courts to listen with care when the Government's foreign policy judgments, including, for example, the status of

> repatriation negotiations, are at issue, and to grant the Government appropriate leeway when its judgments rest upon foreign policy expertise.

Id. at 699-700.

In order to further uniform administration in the federal courts and to limit the frequency with which courts would be faced with difficult judgments regarding matters which are the subject of executive expertise, the Court adopted six months as a period within which detention is presumptively reasonable. Id. at 701. The Court instructed:

> After this [six]-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This [six]-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id.

As stated by Respondent, there are two types of detention for non-criminal aliens after the entry of a final order of removal. First, there is mandatory detention during the initial ninety-day removal period. *See* 8 U.S.C. § 1231(a)(2). Second, there is discretionary detention during any extended removal period. *See* 8 U.S.C. § 1231(a)(1)(C). In the instant case, Petitioner is being detained in the second category - discretionary detention during any extended removal period. Pursuant to 8 C.F.R. § 241.4, ICE reviewed Petitioner's detention. (Attachment A, to Response.) It found that Petitioner's removal was precluded by the stay issued by the Ninth Circuit. *See* 8 U.S.C. § 1231(a)(1)(B) & (C). It further determined that continued detention was warranted because Petitioner presented an unacceptable risk of flight. (Attachment A, to Response.) This finding is supported by Petitioner's extensive criminal history which shows that he has used various aliases and social security numbers. (Attachment B, to Response.) Petitioner has previously been arrested for failing to appear and for being a fugitive from justice, in addition to numerous other convictions including a conviction for obstructing a public officer. (Id.) Moreover, Zadvydas does not apply to the circumstances of the instant case. As previously stated, Zadvydas dealt with the length of time beyond the removal period that an alien may be

6

held in detention. Here, the removal period has not yet begun, because where a "removal order is judicially reviewed and if a court orders a stay of the removal of the alien," the removal period does not begin until, at the earliest, "the date of the court's final order." *See* 8 U.S.C. § 1231(a)(1)(B)(ii); see also Ma v. Ashcroft, 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) ("If the removal order is stayed pending judicial review the ninety-day [removal] period begins running after the reviewing court's final order."). Here, as previously noted, the Ninth Circuit has stayed Petitioner's removal pending review of the final order, and the petition for review remains pending before the Ninth Circuit.[2]  *See* Ninth Circuit Docket No. 07-70733. Consequently, there is no "final order" of the Ninth Circuit.

Even if Zadvydas were applicable, at the time the instant petition for writ of habeas corpus was filed in June 2007, Petitioner had not been detained more than six months from the date of the final order of removal and his detention is therefore presumptively reasonable. Cf. Ma v. Ashcroft, 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) (ninety-day removal period begins to run after appellate court issues final order, lifting stay). Further, Petitioner has not shown there is no significant likelihood of removal. Although the Ninth Circuit has ordered a stay of Petitioner's removal pending review of the petition, once the stay is lifted, the agency is free to remove him. The petition should be denied without prejudice, because Petitioner's current detention is lawful and authorized under 8 U.S.C. § 1231(a)(1)(B-C). In the event that Petitioner's removal is not effected within the near future, Petitioner should be allowed to file another habeas petition challenging his indefinite detention.

With regard to Petitioner's motions for release on bond, filed on August 15, 2007, and September 19, 2007, because Petitioner's detention is presumptively reasonable, and the ICE's determination that he is a flight risk is supported by substantial evidence, Petitioner's motion for release on bond, should be denied.[3]

---

[2] An opening brief is currently due on October 22, 2007, an answering brief is due on December 21, 2007, and an optional reply brief is due within fourteen days after service of the answering brief. (*See* Ninth Circuit Docket No. 07-70733, order of July 26, 2007.)

[3] The Ninth Circuit Court of Appeals denied Petitioner's motion for release on bond on June 12, 2007. (*See* Ninth Circuit Docket No. 07-70733.)

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED, without prejudice;

2. Petitioner's motion for release on bond be DENIED; and

3. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 3, 2007                    /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE