# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS VALDEZ BERMUDEZ, | 1:07-cv-01831-LJO-TAG HC |
| | 1:07-cv-00807-LJO-DLB HC |
| Petitioner, | ORDER TO ADMINISTRATIVELY CLOSE CASE NO. "1:07-cv-01831-LJO-TAG HC" |
| v. | |
| ALBERTO GONZALEZ, | ORDER DENYING AS MOOT ALL PENDING MOTIONS IN CASE NO. "1:07-cv-01831-LJO-TAG" (Docs. 7, 10, 11, 13, 14, 15, 16, & 17) |
| Respondent. | |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

## PROCEDURAL HISTORY

In the instant petition, Petitioner, a native of the Phillippines, alleges that he is subject to a final order of removal as of February 9, 2007. (Doc. 1, p. 2). Petitioner contends that, after being on supervised release, that release was revoked on May 15, 2007, and that he has been in continuous post-removal ICE custody since that date. (Id.). Petitioner asserts that his continued detention exceeds Respondent's statutory authority under Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001). (Doc. 1, p. 4).

///

1    On January 18, 2008, the Court ordered Respondent to show cause why the petition should not be granted. (Doc. 6). On January 29, 2008, Respondent filed a response to the January 18, 2008 order. (Doc. 8). On March 4, 2008, Respondent filed a motion to consolidate the instant case with Case No. 1:07-cv-00807-LJO-DLB, on the grounds that the petitions are duplicative. (Doc. 10). Subsequently, Petitioner has filed numerous motions to expedite review of his claims. (Docs. 7, 11, 13, 14, 15, 16, & 17).

DISCUSSION

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the /court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689. First, the Court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. Second, the Court determines whether the defendants are the same or in privity. Id.

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693. The Court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

Here, the petition filed in Case No. 1:07-cv-00807-LJO-DLB alleges that Petitioner's ongoing detention by ICE violates his constitutional rights. The instant petition raises the same issue and, having been filed six months after the first petition, appears to be in the nature of a factual update of

1  the petition in Case No. 1:07-cv-00807-LJO-DLB.

2      Thus, it is apparent that the causes of action, the relief sought, and the parties involved are
3  identical.  Accordingly, the Court finds that instant petition is duplicative of the petition in Case No.
4  1:07-cv-00807-LJO-DLB, and therefore that Case No. 1:07-cv-01831-LJO-TAG should be
5  administratively closed.  <u>Adams</u>, 487 F.3d at 689.   In light of the administrative closure of Case
6  No. 1:07-cv-01831-LJO-TAG, all pending motions in that case should be dismissed as moot.

ORDER

8      Accordingly, the Court HEREBY ORDERS that:

9      1.    The Clerk of the Court SHALL ADMINISTRATIVELY CLOSE Case No.
10          "1:07-cv-1831-LJO-TAG HC."; and

11      2.    All pending motions in Case No. "1:07-cv-1831-LJO-TAG HC" (Docs. 7, 10, 11, 13,
12          14, 15, 16 & 17), are DENIED as MOOT.

14  IT IS SO ORDERED.

15  Dated:   **August 6, 2008**                                /s/ Theresa A. Goldner
                                                                UNITED STATES MAGISTRATE JUDGE