| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | EASTERN DISTRICT OF CALIFORNIA |
| JESUS VALDEZ BERMUDEZ, | CV F   07-00807 LJO DLB HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATION, AS MODIFIED HEREIN |
| v. | [Doc. 32] |
| ALBERTO GONZALEZ, et.al., | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| Respondents. | |
| / | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is detained by the Bureau of Immigration and Customs Enforcement ("BICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 4, 2007, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On October 23, 2007, Petitioner filed objections to the Findings and Recommendation. Petitioner argues that he is not a flight risk and the removal period does not begin until the Ninth Circuit issues the final order. He further argues his act of seeking a stay from the Ninth Circuit cannot be considered an action taken to prevent his removal within the meaning of 8 U.S.C.

§ 1231(a)(1)(C)[1] and therefore cannot be held against him.  Pursuant to this Court's order, Respondent filed a reply to Petitioner's objections on March 4, 2008.  (Court Doc. 35.)

The issue in this case is whether 8 U.S.C. 1226(a) or § 1231(a) allows detention of an alien who has been issued a final order of removal, but has appealed such ruling to the Circuit Court of Appeals who in turn issued a stay of the removal proceedings.  Respondent argues that Petitioner's detention is authorized by § 1231(a), and Petitioner contends it is only authorized under § 1226(a).  The Magistrate Judge determined Petitioner is being detained pursuant to the detention and removal provisions set forth in 8 U.S.C. § 1231(a).  The Ninth Circuit Court of Appeals has just addressed and resolved this very issue on July 25, 2008, in Prieto-Romero v. Clark, __ F.3d __, No. 07-35458, 2008 WL 2853396.[2]  There, reading from the plain language of both sections, the Ninth Circuit held that detention is such circumstance is authorized by § 1226(a), only.  Id. at *3.

Title 8 U.S.C. § 1231(a)(1) provides generally that except as otherwise provided in that section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of ninety days, the "removal period." Section 1231(a)(2) provides that "[d]uring the removal period, the Attorney General shall detain the alien." However, in § 1231(a)(1)(B), the statute states the removal period does not begin to run until the date of a reviewing court's final order "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien."   In this instance, because Petitioner has sought review in the Ninth Circuit (who issued a stay of removal and that Court has not yet issued a final order, and the removal proceedings have not yet begun.  Therefore, contrary to Respondent's contention, a plain reading of this section appears to apply only during and beyond the removal period.  "The statute makes clear that when a court of appeals issues a stay of removal pending its decision on

---

[1] Title 8 U.S.C. § 1231(a)(1)(C) provides that the removal period can be extended beyond 90 days only "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."

[2] As noted in Prieto-Romero, "The distinction has real consequences for the alien, because detention under § 1231(a)(2), for example, is mandatory but limited to a set period of time, whereas detention under § 1226(a) is discretionary and the necessity of detention can be reviewed by an IJ and the BIA.[fn]" Prieto-Romero v. Clark, 2008 WL 2853396 * 3.

an alien's petition for review of his removal order, the removal period begins only after the court denies the petition and withdraws the stay of removal." Prieto-Romero v. Clark, 2008 WL 2853396 *3.

To the contrary, section 1226(a) provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States[,]" which authorizes detention in this instance during the removal order review process. Prieto-Romero v. Clark, 2008 WL 2853396 * 3. This section allows the Attorney General to detain an alien "pending a decision on whether the alien is to be removed from the United States." Id. Under 1226(a), the Attorney General has discretion to determine whether an alien should be arrested and detained, or released on bond or otherwise, pending removal proceedings. In this case, it was determined that Petitioner would be detained without bond pending his removal from the country.

In Prieto-Romero, the Ninth Circuit found that detention under § 1226(a) is still applicable to the holding in Zadvydas v. Davis, and indefinite detention is not authorized. 2008 WL 2853396 * 6. In Zadvydas v. Davis, in order to avoid serious doubts as to the constitutionality of § 1231(a)(6), the Court interpreted it not to permit indefinite detention, but rather to limit an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. Id. at 688-89. The Court determined that aliens who had been ordered removed had a liberty interest in being released subject to supervision which was strong enough to raise a serious question as to whether, irrespective of the procedures used, the Constitution permits detention that is indefinite and potentially permanent. Id. at 696. Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute. Id. at 699. The authority of the government to detain is thus coextensive with the reasonable likelihood of removal, and the question of the extent of that authority is for the federal judiciary to decide in proceedings pursuant to 28 U.S.C. § 2241(c)(3). Id. In order to further uniform administration in the federal courts and to limit the frequency with which courts would be faced with difficult judgments regarding matters which are the subject of executive expertise, the Court adopted six months as a period within which detention is presumptively reasonable. Id.

at 701. The Court instructed:

> After this [six]-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This [six]-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id.

In this circumstance, "the Attorney's General's detention authority under § 1226(a) [is] limited to the 'period reasonably necessary to bring about [an] alien's removal from the United States,' even if continued detention in any particular litigant's case would not pose a constitutional problem." Prieto-Romero, 2008 WL 2853396 * 7 (citing Zadvydas, at 689; see also Clark v. Martinez, 543 U.S. 371, 381 (2005). Petitioner is a native and citizen of the Phillipines has been in immigration detention since February 7, 2005, approximately three years and five months, and the Ninth Circuit's stay of deportation has been in place since July 26, 2007. Here, as in Prieto-Romero, although Petitioner's removal has no doubt been delayed by further judicial review of his final removal order, "he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in Zadvydas were." Unlike in Zadvydas, in this instance, there is no evidence that Petitioner cannot be removed to his native country. Indeed, the government can repatriate him to the Phillipines and indicates that it intends to do so upon finality of judicial review, and Petitioner presents no evidence to the contrary.

Prieto-Romero dispelled any argument that the current detention is contrary to the holding in Nadarajah v. Gonzales, 443 F.3d 1069, 1078 (9th Cir.2006) where the Ninth Circuit concluded that, consistent with Zadvydas, the general immigration statutes do not authorize the Attorney General to incarcerate detainees for an indefinite period, and found that in this instance "[j]udicial review, unlike the administrative process the government invoked in *Nadarajah*, is subject to strict procedural rules.[fn]" Prieto-Romero v. Clark, 2008 WL at 2853396 * 8.

Moreover, the Attorney General has exercised its discretionary authority to continue to

detain Petitioner without the benefit of release on bond. With respect to judicial review of this decision, section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

Therefore, the Attorney General's decision to detain Petitioner without granting release on bond is a "discretionary judgment" that is not reviewable by this Court. See Prieto-Romero v. Clark, 2008 WL 2853396 * 2; see also Demore v. Kim, 538 U.S. 510 (2003) (the Supreme Court ruled that the Government could require that an alien be detained for the brief period necessary for his removal proceedings, without providing an individualized determination as to whether he presents a flight risk, and thus the detention of the alien, pursuant to the no-bail provision of the INA, does not violate his due process rights under the Fifth Amendment). However, even if detention is authorized by statute, "due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" Prieto-Romero v. Clark, 2008 WL 2853396 * 9 (citing Zadvydas, 533 U.S. at 690-91 (internal quotations marks omitted.))

In this instance, Petitioner was provided a post-order detention custody review on May 10, 2007, and it was found that detention was authorized, in part, due to Petitioner's criminal history deeming him an unacceptable flight risk, and further custody review was scheduled for May of 2008. See Appendix A, attached to Response, Court Doc. 20.[3] Therefore, Petitioner has received an individualized determination regarding his continued detention by a neutral decisionmaker. Prieto-Romero v. Clark, 2008 WL 2853396 * 9-10.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the

---

[3] Although in Prieto-Romero, 2008 WL the Ninth Circuit noted that when detention is authorized by § 1226(a), the IJ should look to the factors outlined in Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006), to determine whether alien should be detained, instead of, as was done in this instance, 8 C.F.R. § 241.4; any error, in this instance, was harmless because both sections list "risk of flight" as a factor to determine eligibility for release.

5

objections, the Court concludes that the Magistrate Judge's recommendation that the petition be denied is supported by the record.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued October 31, 2007, is ADOPTED, as MODIFIED herein;

2. The Petition for Writ of Habeas Corpus is DENIED without prejudice;

3. All pending motions are denied as MOOT; and,

4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:    August 8, 2008**                              /s/ Lawrence J. O'Neill
                                                                          UNITED STATES DISTRICT JUDGE